1

2

3

4

5

6

7

8
                    UNITED STATES DISTRICT COURT
9
                   EASTERN DISTRICT OF CALIFORNIA
10
                          ----oo0oo----
11
RICHARD FISCHER,
12                                      NO. CIV. S-10-454 FCD GGH
          Plaintiff,
13
     v.                                 MEMORANDUM AND ORDER
14
BANK OF AMERICA; GREEN
15  TREE SERVICING; FIRST NATIONAL
BANK OF ARIZONA, et al.,
16
          Defendants.
17
                          ----oo0oo----
18
     This matter is before the court on the motion of
19
Bank of America, N.A. and Mortgage Electronic Registration
20
System, Inc.[1] to dismiss and/or strike plaintiff Richard
21
Fischer's ("plaintiff") complaint[2] pursuant to Federal Rules of
22

23

24

25
_____

26      [1]    No other named defendant has appeared in the action.

27      [2]    On the basis of federal question jurisdiction, Bank of
America, N.A. removed the case to this court on February 22,
28  2010.

                                1

1   Civil Procedure 12(b)(6) and 12(f).[3]   (Docket #6.)   On April 23,

2   2010, plaintiff filed a statement of non-opposition to

3   defendants' motion, in which he requested dismissal of his

4   federal claims for relief, pursuant to the Real Estate Settlement

5   Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"),

6   alleged against the moving defendants as well as all other

7   defendants.   (Docket #7.)

8        Based on plaintiff's statement, the court dismisses the

9   RESPA and TILA claims asserted in the complaint.   See, e.g. Fed.

10  R. Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir.

11  2003) (a defendant's filing of a motion to dismiss, pursuant to

12  Rule 12(b), does not prevent the plaintiff from later filing a

13  voluntary dismissal).

14       Dismissal of the RESPA and TILA claims leaves the complaint

15  devoid of any federal claims.   The remaining claims are state law

16  claims for fraud, breach of contract, breach of the implied

17  covenant of good faith and fair dealing, violation of the

18  California Rosenthal Act, negligence, breach of fiduciary duty,

19  violation of California Business and Professions Code § 17200 *et*

20  *seq.*, and wrongful foreclosure.   (Complaint, filed January 5,

21  2010, in Sacramento Superior Court [Docket #1].)

22       Subject to the conditions set forth in 28 U.S.C. § 1367(c),

23  district courts may decline to exercise supplemental jurisdiction

24  over state law claims.   See Acri v. Varian Assoc., Inc., 114 F.3d

25  999, 1000 (9th Cir. 1997) (en banc).   The court's decision

26

27       [3]   Because oral argument will not be of material
    assistance, the court orders this matter submitted on the briefs.
28  E.D. Cal. L.R. 230(g).

                                   2

1  whether to exercise supplemental jurisdiction should be informed

2  by values of "economy, convenience, fairness, and comity."  <u>Id.</u>

3  at 1001 (citations omitted).  Further, primary responsibility for

4  developing and applying state law rests with the state courts.

5  Therefore, when federal claims are eliminated before trial,

6  district courts should usually decline to exercise supplemental

7  jurisdiction.  <u>See</u> <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343,

8  350 (1988); <u>Gini v. Las Vegas Metropolitan Police Dept.</u>, 40 F.3d

9  1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-

10 law claims are eliminated before trial, the balance of factors

11 . . . will point toward declining to exercise jurisdiction over

12 the remaining state law claims.") (<u>quoting</u> <u>Schneider v. TRW Inc.</u>,

13 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with Section

14 1367(c), the court declines to exercise supplemental jurisdiction

15 over plaintiff's remaining state law claims.

16      Plaintiff's complaint is therefore DISMISSED without

17 prejudice, and the case is HEREBY REMANDED to the Sacramento

18 Superior Court.[4]

19      IT IS SO ORDERED.

20  DATED: April 28, 2010

23                              FRANK C. DAMRELL, JR.
                                UNITED STATES DISTRICT JUDGE

----

27      [4]    Plaintiff's motion for leave to file an amended
complaint to dismiss his federal claims for relief, noticed for
28 hearing on May 7, 2010, is HEREBY DENIED as MOOT.